**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MANUEL RUELAS, 1233530,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-2460-L** |
| | § | |
| **RICK THALER,  Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a *pro se* habeas corpus action filed by a state inmate.

Parties: Petitioner is incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Livingston, Texas. Respondent is the Director of TDCJ-CID.  The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions:  On December 28, 2009, Petitioner filed a petition for writ of habeas corpus.  On January 4, 2010, the court ordered Petitioner to pay the $5.00 filing fee or submit a motion to proceed *in form pauperis*.  The order directed Petitioner to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the petition be dismissed for failure to prosecute.  As of the date

of this recommendation, Petitioner has failed to comply with the order filed on January 4, 2010.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner has been given ample opportunity to comply with the January 4, 2010 order. He has refused or declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1]     When a litigant is barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice which requires the court to apply the higher *Callip* standard. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile); *see also Bryson v. United States*, 553 F.3d 402, 403-404 (5th Cir. 2008) (citing *Callip* standard to support dismissal with prejudice).

*Berry* and *Callip*, however, are limited to a case that was timely filed. *See Curtis v. Quarterman,* 340 Fed. Appx. 217, 218 (5th Cir. 2009) (unpublished per curiam) (applying higher standard of review to district court's dismissal without prejudice of habeas petition because limitations period expired during pendency of habeas proceedings).

The present petition was not filed within the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). It was filed no earlier than December 6, 2009, more

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without

prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Signed this 19th day of February, 2010.


_Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.

---

than one-year after Petitioner's conviction became final on May 9, 2008, excluding the period
during which his art. 11.07 application was pending in state court.  Thus, while the dismissal of
this case is, for all purposes, a dismissal with prejudice, the court need not apply the higher
*Callip/Berry* standard of review.